1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   Jack Daniels

11          Plaintiff,                    No. CIV S-04-0382 LKK CMK P

12          vs.

13   Latimore, et. al.,

14          Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed February 11, 2005, plaintiff's first amended

18   complaint was dismissed with leave to file an amended complaint. Currently before the court is

19   plaintiff's second amended complaint, filed on June 24, 2005.

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

3   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

4   upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

5   must allege with at least some degree of particularity overt acts by specific defendants which

6   support the claims, vague and conclusory allegations fail to satisfy this standard.

7   I.      Background

8           Plaintiff states in his second amended complaint that he has a valid prescription

9   for HIV medication.  Plaintiff alleges that, on at least three occasions, defendant Latimore

10  refused to give plaintiff his HIV medications.  Plaintiff alleges that defendants Tom Donahue,

11  Dr. Anderson, Dr. Bick, Dr. Nadim K. Khoury, Ken Allen, N. Grannis and Warden Teresa A.

12  Schwartz are liable in this action because they "upheld and affirmed defendant Latimore's

13  actions through the appeals process and personally involved themselves (by tacitly approving the

14  action)..."

15  II.     Discussion

16          Plaintiff's complaint against defendants Tom Donahue, Dr. Anderson, Dr. Bick,

17  Dr. Nadim K. Khoury, Ken Allen, N. Grannis and Warden Teresa A. Schwartz is deficient

18  because it fails to show personal participation by the defendants the alleged denial of plaintiff's

19  rights.

20          A plaintiff must connect the named defendants clearly with the claimed denial of

21  his rights. See Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for

22  deliberate indifference to assault requires that official know of and disregard an "excessive

23  risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises

24  only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is

25  no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44

26  (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named

1   defendant and claimed injury);  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998),

2   cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that

3   show that an individual was personally involved in the deprivation of his civil rights.").  The

4   only personal involvement of defendants Tom Donahue, Dr. Anderson, Dr. Bick, Dr. Nadim K.

5   Khoury, Ken Allen, N. Grannis and Warden Teresa A. Schwartz that plaintiff can show is that

6   "they tacitly approv[ed] of [defendant Latimore's actions]," apparently by denying plaintiff's

7   grievances.  This is does not establish the direct personal involvement required in a Section 1983

8   action.  See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978.)

9           Plaintiff has had two previous chances to amend the deficiencies in his complaint.

10   Because it does not appear possible that the deficiencies identified herein can be cured by

11   amending the complaint, plaintiff is not entitled to another chance to amend prior to dismissal of

12   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

1    Based on the foregoing, IT IS RECOMMENDED that plaintiff's complaint

2   against defendants Tom Donahue, Dr. Anderson, Dr. Bick, Dr. Nadim K. Khoury, Ken Allen, N.

3   Grannis and Warden Teresa A. Schwartz be dismissed.[1]

4    These findings and recommendations are submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6   days after being served with these findings and recommendations, plaintiff may file written

7   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

10   F.2d 1153 (9th Cir. 1991).

11

12   DATED:   December 5, 2005.

13

14                                              _____

15                                              **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25
        [1]By separate order, the court found that plaintiff stated a cognizable claim against
26   defendant Latimore.

4