IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACK DANIELS,

    Plaintiff,                    No. CIV S-04-0382 LKK CMK P

    vs.

EMANUEL LATIMORE, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, without counsel, prosecuting this civil rights action against defendant Emanuel Latimore for alleged violations of plaintiff's Eighth Amendment rights. The case is before the undersigned pursuant to Local Rule 302(c) for findings and recommendations on defendant's motion for summary judgment, or in the alternative, summary adjudication of issues. Fed. R. Civ. P 56(c).

I.    Standard of Review

        On a motion for summary judgment pursuant to Rule 56(c), the court must accept the evidence of the non-moving party as true and draw all reasonable inferences of fact in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex

Corp v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P 56(c)).  If the moving party meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue as to any material fact does actually exist.  See Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue of material fact.  See Mosher v. Saalfeld, 589 F.2d 438, 422 (9th Cir. 1978)(involving a pro se litigant); see also Anderson, 477 U.S. at 586 n. 11.  When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact for trial.  See Matsushita, 475 U.S. at 587.

On January 4, 2006, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

I.   Background

At all times relevant to this action, plaintiff was an inmate at California Medical Facility, Vacaville, California (CMF), and defendant Latimore was a Medical Technical Assistant at CMF.  Plaintiff had a valid prescription for HIV medication.  Specifically, plaintiff took Sustiva and Combivir in a "cocktail" twice a day—morning and evening.  Plaintiff alleges that defendant Latimore denied him his HIV medication on three occasions — October 27, 2002, August 10, 2003, and October 12, 2003.  Plaintiff further claims that defendant Latimore intentionally interrupted a prescribed course of medical treatment.  Plaintiff alleges various federal civil rights and state causes of actions against defendant.

III.   Discussion

Defendant Latimore moves for summary judgment on the grounds that plaintiff cannot establish that defendant was deliberately indifferent to his medical needs.  Defendant Latimore states that he provided plaintiff with all his prescribed medications and treated plaintiff with dignity and respect at all times.

1    Prison officials violate the Eighth Amendment when they are deliberately
2 indifferent to a prisoner's medical needs.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.
3 1992) (overruled on other grounds).  Deliberate indifference to a prisoner's medical needs can be
4 demonstrated in two ways: by prison officials denying, delaying or intentionally interfering with
5 medical treatment or by the manner in which prison physicians provide medical care.  Estelle v.
6 Gamble, 429 U.S. 97 (1976); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).
7 Deliberate indifference exists only when prison officials know of and disregard an excessive risk
8 to inmate health or safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also, McGuckin,
9 at1060).  "Mere negligence... in treating a medical condition, without more, does not violate a
10 prisoner's Eighth Amendment right."  See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.
11 2004).  Deliberate indifference may be shown with circumstantial evidence when the facts are
12 sufficient to show that defendant actually knew of a risk of harm.  See Lolli v. County of Orange,
13 351 F.3d 410, 421 (9th Cir. 2003).
14    Defendant Latimore has produced documentary evidence showing that
15 plaintiff received his medication cocktail in the morning on October 27, 2002, and twice on
16 August 10, 2003, and October 12, 2003.  (Decl. Emanuel Latimore (doc. 25); Decl. Ex. A.)
17 Defendant Latimore personally administered the medication on each of the three mornings.  (Id.)
18 Another MTA administered the medication on the evenings of August 10, 2003, and October 12,
19 2003.  Plaintiff did not receive his medication on the evening of October 27, 2002.  Defendant
20 Latimore has met his burden of proving the absence of any genuine issue of material fact
21 regarding plaintiff's claim that he did not receive his medication on August 10, 2003, and October
22 12, 2003, and on the morning of October 27, 2002.  See Anderson, 477 U.S. at 256.
23    Plaintiff asserts that the Medical Administration Record (MAR) submitted in
24 support of defendant Latimore's motion for summary judgment has been "doctored by another
25 MTA."  (Opp'n (doc. 28) at 9-10.)  Plaintiff offers no evidence in support of this assertion;
26 questioning the credibility of the moving party's evidence is not enough to avoid summary

judgment. See Anderson, 477 U.S. at 256-57 ("once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to produce evidence sufficient to support a jury verdict). Plaintiff's assertion that the MAR was doctored is nothing more than a denial which is insufficient to overcome defendant Latimore's showing. Accordingly, defendant Latimore is entitled to summary judgment on plaintiff's claim that he was denied his medication in violation of the Eighth Amendment on August 10, 2003, and October 12, 2003, and on the morning of October 27, 2002.

The MAR shows that plaintiff did not receive his medication on the evening of October 27, 2002. In order to establish that defendant Latimore violated his Eighth Amendment by not administering his medication on the evening of October 27, 2002, plaintiff would have to establish that defendant Latimore intended to deprive plaintiff of his medication. See Toguchi, 391 F.3d at 1057; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff has not made the required showing. Instead, plaintiff stated in his deposition that he had no specific recollection of defendant Latimore refusing to give plaintiff his medication. (Lodged Doc. 26 at 24-26.) Accordingly, defendant Latimore is entitled to summary judgment on plaintiff's allegation that he was denied his medication in violation of the Eighth Amendment on the evening of October 27, 2002.

Defendant Latimore further argues that plaintiff's pendant state law claims must fail because plaintiff did not follow California's procedures for pursuing tort claims against state employees. Before bringing suit for damages against a public entity in California, a plaintiff must present the claim to the appropriate public entity, which must have resolved it. Cal. Gov. Code §§ 911.2, 915, 945.4, 950.2. Failure to comply with these requirements bars pendent state law claims in civil rights actions. See Karim-Panihi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff makes no showing that he filed a claim with the appropriate public entity. Plaintiff's state law claims against defendant Latimore must fail.

///

IV.     Conclusion

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant Latimore's motion for summary judgment (doc. 23) be granted and

2. Plaintiff's civil rights action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 17, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

5